ColcocKj'J.
The first ground, presents a question which is sometimes difficult of solution, and although not hitherto of frequent occurrence here, yet we may anticipate that we shall be called on more frequently to determine it, as we are daily resorting to the aid of mechanic power in our variou s pursuits. It is obvious that it must always be considered,first in relation to the article itself, to say if it be a fix- ■ ture, and if so, then in relation to the parties claiming the right. The question arises:
1st. Between landlord and tenant.
2nd. Between tenant for life and the reversioner or remainder man, and
3rd. Between heir and executor.
Lord Mansfield says, as to the two first classes of persons, the rigor of the ancient law has been greatly relaxed; though with respect to thei last, viz: heii’s, executors, &c he knows of no relaxation, except in a single case about a cider» mill, and that depending perhaps on the custom of the country (3 Ath. Rep. 14.) It is a general rule that an article which is fixed to the freehold, and becomes part of it, necessarily passes with it. Now in the case before us the first question is, was this a fixture? I cannot so consider it; because it is susceptible of being removed, without any injury whatever to the freehold or any part thereof; and even without disfiguring the premises, which it seems is sometimes made the criterion, and without digging up the soil, (3 Bacon, page 63,64)
It was a mere temporary thing, not.indispensably necessary to the enjoyment of the land, nor actually fixed to any part of the freehold. In those cases in which the article or *557 building is indispensably necessary to tbe enjoyment of tbe freehold, as between executor and heir, I should hold there was no doubt but that it must pass. Rut all difficulty in this case must vanish when we cometo consider the question in relation to the parties claiming; as to them, it becomes a inere question of contract. McCalla the first purchaser from Trussel says, when he bought the land, the still was excepted, and Center, who sold to Graham says, he never heard a word about the still when he was buying, and did not consider himself as buying the still. Now whatever rights may be acquired by those who succeed, if, before they enter, the owner of the freehold himself makes a severance, there can be no room for doubt. rl he article in this case was reserved to Trussed, and consequently was subject to the levy made by the sheriff. And then the question arises, whether the levy made in this case did vest tbe property in the sheriff? It is admitted by the defendant’s counsel, that a sheriff does acquire a qualified property in personal goods by virtue of a levy; but it is contended, that as a previous levy is indorsed, on the execution produced in this case on a tract of land, and nothing is said on the execution as to that; that this affords proof that the subsequent levy was illegal and consequently could vest no right. The fallacy of such reasoning is easily detected; but before I proceed to shew it, it is necessary to advert to the situation of the parties. The defendant is sued as trespasser. There is no relation subsisting between him and tbe plaintiff in his official or individual character. He is a stranger to the plaintiff, and denies his right 1o the subject of the suit. The plaintiff produces an execution against Trussed the original owner oí the land on which this still stood, which gave him authority to -levy on the goods and chapels, &c. of the defendant. He levies on the land, and then on the still, and endorses the levies on the execution. Now it is well known that a sheriff may, and often does, levy on property which he finds incumbered, or claimed by third persons., h could not be said that in such case he is not permitted to levy *558 again on other property; or if he thinks the property first levied on, is insufficient, lie may make a further levy. Such endorsement then is at least prima facie evidence of right in he sheriff; and if the land was sold by the sheriff, or the debt paid by the defendant, before the article in dispute was sold, the defendant must prove it; and he could prove it if it were so. Indeed, in the case before us, the objection loses all the force which it might have in ordinary cases; for here was Trussel himself the defendentinthe execution, a witness who could easily have proved whether the land had been sold, and for how much. There was then no evidence produced to invalidate the levy made by the sheriff, and the legal effect of that levy was to vest the still in him and give him a right of action against any stranger who should deprive him of the possession of it.
■ Williams, for the motion.
Mills, contra.